UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GLORIA J. WILLINGHAM,**<br><br>    Plaintiff,<br><br>    v.<br><br>**JOHN ASHCROFT,**<br><br>    Defendant. | Civil Action No.  02-1972 (ESH/JMF) |

**MEMORANDUM**

In a second conference call to chambers, the court was advised that plaintiff has asked the deponent, Mr. Marshall, to identify other people at the Drug Enforcement Administration who decided what punishment should be meted out to plaintiff.  The court understands that, while Mr. Marshall was not asked that precise question during his previous testimony at the April 24, 2001 hearing before the Merit Systems Protection Board, he discussed other individuals with whom he conferred when determining that dismissal was appropriate in plaintiff's case.  The transcript reveals the following discussion:

> A. . . . [B]ecause of the serious nature of the offenses, I believed that dismissal was appropriate.
> Q. Okay.  Did you confer with anyone else at this point within the agency?
> A. I did, yes.  I would have conferred with pretty much the same group of people that I would have for the indefinite suspension.  That would be my chief inspector; the head of OPR; Bill Brown; representatives from Chief Counsel; and representatives from the Office of Personnel, probably.

Marshall Tr. at 1000-02.  Mr. Marshall then explained what happened during meetings with these individuals.

Because plaintiff's question seeks the same substantive information as covered in the earlier hearing, the court will sustain defendant's objection.  Plaintiff may not pursue this question or any others that elicit repetitive information.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

April 4, 2005